Citation Nr: AXXXXXXXX
Decision Date: 06/29/21 Archive Date: 06/29/21

DOCKET NO. 200309-69305
DATE: June 29, 2021

ORDER

Service connection for a left knee condition, to include osteoarthropathy with narrowing and osteophytes is denied.

FINDING OF FACT

The Veteran's left knee condition, to include osteoarthropathy with narrowing and osteophytes, was not shown as chronic in service, did not manifest to a compensable degree within the applicable presumptive period, and the disability is not otherwise etiologically related to an in-service injury or disease.

CONCLUSION OF LAW

The criteria for service connection for a left knee condition, to include osteoarthropathy with narrowing and osteophytes, have not been met. 38 U.S.C. §§ 1110, 1112, 1113, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from March 1998 to July 1998 and from December 2006 to September 2011.

A rating decision was issued under the legacy system in April 2018 and the Veteran submitted a timely notice of disagreement. In February 2020, the agency of original jurisdiction (AOJ) issued a statement of the case (SOC). The Veteran opted the claim into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a March 2020 VA Form 10182, Decision Review Request: Board Appeal, identifying the February 2020 SOC. Therefore, the February 2020 SOC is the decision on appeal. In the March 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Service connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active military, naval or air service. 38 U.S.C. § 1110 (West 2014); 38 C.F.R. § 3.303 (a) (2015). Service connection may be granted for any disease diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in active service. 38 C.F.R. § 3.303 (d) (2015).

Establishing service connection generally requires medical evidence or, in certain circumstances, lay evidence of the following: (1) A current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) nexus between the claimed in-service disease and the present disability. Hickson v. West, 12 Vet. App. 247, 252 (1999). 

Additionally, claims for certain chronic diseases - namely those listed in 38 C.F.R. § 3.309 (a) - benefit from a somewhat more relaxed evidentiary standard under 38 C.F.R. § 3.303 (b). A decision of the U. S. Court of Appeals for the Federal Circuit (Federal Circuit Court), clarified that this notion of continuity of symptomatology since service under 38 C.F.R. § 3.303 (b), which as mentioned is an alternative means of establishing the required nexus or linkage between current disability and service, only applies to conditions identified as chronic under 38 C.F.R. § 3.309 (a). Walker v. Shinseki, 708 F. 3d 1331 (Fed. Cir. 2013).

In its determinations, the Board must fully consider the lay assertions of record. A layperson is competent to report on the onset and continuity of her current symptomatology. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a Veteran is competent to report on that of which he or she has personal knowledge). Lay evidence can also be competent and sufficient evidence of a diagnosis or to establish etiology if (1) the layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Davidson v. Shinseki, 581 F.3d 1313, 1316 Fed. Cir. 2009); Jandreau v. Nicholson, 492 F. 3d 1372, 1376-77 (Fed. Cir. 2007). When considering whether lay evidence is competent the Board must determine, on a case by case basis, whether the Veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77.

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

1. Entitlement to service connection for a left knee condition to include osteoarthropathy with narrowing and osteophytes

The Veteran contends her recurrent left knee condition, to include osteoarthropathy with narrowing and osteophytes, is related to service. Specifically, the Veteran stated that she injured her left lower leg while playing paintball in 2010.

Certain chronic diseases will be presumed related to service, absent an intercurrent cause, if they were shown as chronic in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service (or within an applicable presumptive period) with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.303, 3.307, 3.309. Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013).

As an initial matter, the Board finds that the Veteran has a current diagnosis of medial compartment osteoarthropathy with narrowing and osteophytes. See February 2018 VA examination and January 2017 x-rays of the left knee.

Arthritis is an enumerated condition under 38 C.F.R. § 3.309(a); Walker, 708 F.3d 1331. However, the disability was not shown as chronic in service, did not manifest to a compensable degree within a presumptive period, and was not noted in service with attributable continuity of symptomatology. Treatment records show the Veteran was not diagnosed with a left condition until January 2017, more than five years after her separation from service and outside of the applicable presumptive period.

Service treatment records show that while on active duty, the Veteran was seen for left knee pain. In a January 2011, the Veteran reported been concerned about an injury to her left lower leg she sustained playing paintball last summer. She stated that her left knee hurts at times and feels stiff. She also noted that she feels more discomfort with the change in weather. In February 2011, the Veteran reported that her left knee is painful below the patella at about the tibial tuberosity that started about 5 1/2 months ago after being struck with a paintball. She reported that the pain is mainly present in the morning and when she notices weather change. Her Reserve service treatment records show that during a February 2012 periodic health assessment, the Veteran reported joint pain and was noted paint ball injury while on active duty. On subsequent periodic health assessments from 2013, 2014 and 2015, the Veteran did not report any joint pain.

The Board finds that service treatment records do not reflect a chronic disease of the left knee in service as defined under 38 C.F.R. § 3.303(b), including chronic symptoms of arthritis of the left knee during service. The chronicity rule does not mean that any manifestation of joint pain in service will permit service connection of degenerative arthritis of the left knee first shown as a clear-cut clinical entity, at some later date. Rather, for the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "chronic." See 38 C.F.R. § 3.303(b). In this case, February 2011 x-rays of the Veteran's bilateral knees show normal knees.

The Board next finds that symptoms of the Veteran's arthritic type changes of the left knee have not been continuous since service separation and did not manifest within one year of service separation, including to a compensable degree. See 38 C.F.R. § 3.309(a). The evidence in this case shows that there were more than 5 years between last service separation in 2011 and the first complaint of left knee complaint in 2017. See Buchanan v. Nicholson, 451 F.3d 1336 (Fed. Cir. 2006) (the lack of contemporaneous medical records is one fact the Board can consider and weigh against the other evidence, although the lack of such medical records does not, in and of itself, render the lay evidence not credible); see also Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (the passage of many years between discharge from active service and complaint of a claimed disability is one factor to consider as evidence against a claim of service connection).

Because over five years have passed between service separation and the first evidence of a left knee condition, and because the Veteran neither contends nor is there evidence indicating continuous symptoms of arthritis of the left knee after service separation, the weight of the evidence is against finding that there were continuous symptoms of arthritis of the left knee since service (to meet the presumptive service connection criteria at 38 C.F.R. § 3.303(b)), to include to a compensable degree within the first year after service separation). In fact, as noted above the Veteran did not report any joint pain in subsequent periodic assessments after 2012. As such, the evidence also does not show that the Veteran's arthritis of the left knee manifested to a compensable degree (i.e., at least 10 percent) within one year of her last service separation in 2011; therefore, presumptive service connection under the provisions of 38 C.F.R. §§ 3.307 and 3.309 for arthritis manifesting to a degree of 10 percent within one year of service is not warranted.

On the question of direct nexus between a current left knee condition and service, the Board finds that the weight of the evidence is against the finding that the Veteran's left knee condition, to include osteoarthropathy with narrowing and osteophytes, is causally related to the in-service injury.

On VA examination in February 2018, the examiner noted that the Veteran's current diagnosis included knee tendonitis and medial compartment osteoarthropathy with narrowing and osteophytes. The Veteran reported that she had injured her left knee during a paint ball fight while in physical training school, she stated that the condition has gotten worse since then. The VA examiner opined that the Veteran's left knee condition was less likely than not incurred in or caused by the claimed in-service injury, event or illness. In a March 2018 addendum medical opinion, the examiner reasoned that "[a]lthough record showed a paint ball injury to left knee during service, documented [in January 2011], no subsequent complaints or treatment of a left knee condition, therefore I am unable to establish chronicity of care."

In November 2019, the RO requested another VA examination. On a January 2020 VA examination, the Veteran examiner noted that the Veteran was able to return to full duty after her profile expired, that she was reevaluated or treated for the claimed condition after she returned to full duty, that there were no additional follow up evaluation and treatment for the claimed condition after her profile expired and that there were no limited duty profile for said condition at the time of separation. The 2020 VA examiner opined that the Veteran's left knee condition was less likely than not related to her military service. The examiner rationale was "Long interval [without] [evaluation], imaging or treatment."

Although the Veteran has implicitly asserted that the current left knee condition is causally related to service, under the facts of this case, as a lay person, she does not have the requisite medical expertise to be able to render a competent opinion regarding the cause of the complex left knee condition. The etiology of the left knee condition in question is a medical question dealing with the origin and progression of the Veteran's musculoskeletal system, and degenerative arthritis of the left knee, is diagnosed primarily on objective clinical findings, including X-ray findings and specialized testing. Thus, while the Veteran is competent to relate some symptoms of a left knee condition that she experienced at any time, including pain, under the specific facts of this case that include no chronic symptoms in service and no continuous symptoms after service until over five years after service, she is not competent to opine on whether there is a link between the current, specifically diagnosed left knee condition and active service because such an opinion regarding causation requires specific medical knowledge and training. See Kahana v. Shinseki, 24 Vet. App. 428, 438 (2011) (holding that ACL injury is too "medically complex" for lay diagnosis); King v. Shinseki, 700 F.3d 1339, 1345 (Fed. Cir. 2009) (holding that it was not erroneous for the Board to find that a lay veteran claiming service connection for a back disorder and her wife lacked the "requisite medical training, expertise, or credentials needed to render a diagnosis" and that their testimony "could not establish medical causation nor was it a competent opinion as to medical causation").

(Continued on the next page)

 

Furthermore, as stated above, the Veteran's arthritis of the left knee was not chronic in service, did not manifest during service or to a compensable degree within a year after service separation, and symptoms were not continuous since service. Both February 2018 and January 2020 VA examiners opined that it was less likely that the Veteran's left knee condition was attributable to service and provided a sound rationale for the medical opinion that is consistent with the evidence and the Board's findings in this case. Thus, the weight of the evidence is against a finding that a left knee condition was incurred in or otherwise caused by active service.

Based on the evidence of record, the weight of the competent and credible evidence demonstrates no relationship between the Veteran's current left knee condition and active duty service, including no credible evidence of chronic symptoms of arthritis of the left knee to a compensable (10 percent) degree within one year of service separation, or continuity of symptomatology of degenerative arthritis of the left knee since service. For these reasons, the Board finds that a preponderance of the evidence is against the Veteran's claim for service connection for a left knee condition on a direct basis, as well as presumptively as a chronic disease for arthritis of the left knee, and the appeal must be denied. Because the preponderance of the evidence is against the appeal, the benefit-of-the-doubt doctrine is not for application. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

H. SEESEL

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board E. Romero-Sanchez, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.